

Westlaw.

Not Reported in F.Supp.2d

Page 1

2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926

(Cite as: 2002 WL 1268013 (S.D.N.Y.))

H

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
In re CRAYFISH COMPANY SECURITIES LITIGATION
No. 00 Civ.6766IDAB).

June 6, 2002.

*MEMORANDUM AND ORDER*

BATTS, J.

*1 In a Memorandum and Order entered September 28, 2001, ("Order"), eleven securities class actions filed against Crayfish Co., Ltd., ("Crayfish"), certain of its officers and directors, underwriters of its common stock, and Hikari Tsushin, Inc., an alleged corporate affiliate and control person of Crayfish within the meaning of Section 15 of the Securities Act of 1933, (the "Act"), were consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (hereinafter the "Crayfish Actions"). *See Skwortz v. Crayfish, Co. Ltd.,* No. 00 Civ. 6766(L), 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001). The Court appointed Alan Lazarus as Lead Plaintiff and Kirby McInerney & Squire, LLP, as Lead Counsel and denied the November 8, 2000, Lead Plaintiff and Lead Counsel Motion filed by Jenny Chang, Toshinko Hagawara, Toru Nakamichi, Meng Lin Sun, Leslie Helm, Dennis A. Varga, and Esther Wilhelm (collectively "Chang Plaintiffs Group"). The Chang Plaintiffs Group's Motion was ultimately denied as untimely under the Private Securities Litigation Reform Act ("PSLRA"). *See Skwortz,* 2001 WL 1160745, at *5.

Now pending before this Court is the Chang Plaintiffs Group's Motion for Reconsideration pursuant to Local Civil Rule 6.3 and, in the alternative, Federal Rule of Civil Procedure 60(a). For the following reasons, the Court, upon reconsideration, GRANTS the Chang Plaintiffs Group's Motion to be appointed Lead Plaintiff and to approve its selection of Shalov Stone & Bonner and Milberg Weiss Bershad Hynes & Lerach LLP as Co-Lead Counsel.

I. BACKGROUND

On September 8, 2000, Thomas R. Skwortz ("Plaintiff") filed a class action lawsuit against Crayfish, a Japanese internet electronic mail services provider; Isao Matsushima, Crayfish's Chief Executive Officer, President, and Representative Director; Morgan Stanley Dean Witter, Nomura Securities International Inc., and Merrill Lynch & Co., underwriters of the common stock offering; and Hikari Tsushin Inc., an exclusive distributor of Crayfish services (collectively the "Defendants"). (Skwortz Compl. ¶¶ 5-8.) Plaintiff alleges violations of Sections 11, 12(a)(2) and 15 of the Act. The Complaint alleges that the Defendants provided materially false and misleading information in the Crayfish Prospectus and Registration Statement. (Skwortz Com pl. ¶¶ 29-48.)

In accordance with the requirements of the PSLRA, 15 U.S.C. § 77z-1(a)(3)(A)(i), Plaintiff published notice of the pendency of this action over the PRNewswire on September 8, 2000. *See* Stone Aff., Ex. 2. Ten other complaints arising out of the same facts and alleging similar, if not identical, claims were filed in this District. *See Skwortz,* 2001 WL 1160745, at *1.

The Chang Plaintiffs Group filed its Motion for Consolidation and Appointment of Lead Plaintiff and Lead Counsel on November 8, 2000. On September 26, 2001 the Court consolidated the Crayfish class actions, but denied The Chang Plaintiffs Group's Motion to be Appointed Lead Plaintiff. Neither Alan Lazarus nor the Defendants

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926
**(Cite as: 2002 WL 1268013 (S.D.N.Y.))**

oppose the Chang Plaintiffs Group's Motion for Reconsideration.

## II. DISCUSSION
### A. Motion for Reconsideration Pursuant to Local Civil Rule 6.3

*2 Pursuant to Local Civil Rule 6.3, a Motion for Reconsideration must be filed "within ten (10) days after the docketing of the court's determination of the original motion." Local Civil Rule 6.3. The Rule further provides that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters ... which counsel believes the court has overlooked." *Id.*

In the instant action, the Court's Order was docketed on September 28, 2001. Accordingly, the Chang Plaintiffs Group's Motion for Reconsideration, filed and served on October 11, 2001, is timely. The Chang Plaintiffs Group moves for reconsideration of the Court's denial of its Motion for Appointment of Lead Plaintiff and Lead Counsel. The Chang Plaintiffs Group argues that the Court overlooked the fact that the last day for filing Lead Plaintiff Motions, November 7, 2000, was a legal holiday under New York law. Thus, pursuant to Fed.R.Civ.P. 6(a), the Motion, having been filed the following day, was timely and should have been considered fully.

1. Timeliness of the Motion for Appointment of Lead Plaintiff and Lead Counsel

The PSLRA requires plaintiffs to publish notice of the pendency of the action, the claims asserted therein, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 77z-1(a)(3)(A)(i). Additionally, the notice must advise members of the purported class that "not later than 60 days after the date on which the notice is published, any member ... may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). If more than one action alleging "substantially the same claim or claims" is filed only the plaintiff or plaintiffs bringing the first action "shall be required to cause notice to be published...." 15 U.S.C. § 77z-1(a)(3)(A)(ii).

In the case at bar, the Skwortz Complaint was the first of the Crayfish Actions to be filed. On September 8, 2000, the Plaintiff in *Skwortz* published a notice of pendency in the PRNewswire in accordance with 15 U.S.C. § 77z-1(a)(3)(A)(i). Stone Aff., Ex. 2. The notice informed members of the class that they had sixty days in which to move for appointment as Lead Plaintiff. The sixty day period elapsed on November 7, 2000. The following day, November 8, 2000, the Chang Plaintiffs Group filed its Motion for the Appointment of Lead Plaintiff and Lead Counsel.

The Chang Plaintiffs Group's Motion failed to address the issue of timeliness other than to baldly state that it satisfied the PSLRA's filing requirements. In its Order, the Court, counting 60 days from September 8, 2000, found that the Group's Motion for Lead Plaintiff should have been filed no later than November 7, 2000. This calculation resulted in the Court's decision to deny the Motion further consideration. Significantly, the Court's calculation was supported by the September 18, 2000, notice that informed Plaintiffs they had until November 7, 2000, to file Lead Plaintiff Motions. *Skwortz*, 2001 WL 1160745, at *4 n. 6. The same firm that caused the September 18, 2000, notice to be published is one of the firms that currently represents the Chang Plaintiffs Group.

i. Computation of Time

*3 Fed.R.Civ.P. 6(a) provides that "[i]n computing any period of time prescribed or allowed by ... any applicable statute ... [t]he last day of the period ... shall be included, unless it is a Saturday, a Sunday, or a legal holiday." A "legal holiday" includes certain specified holidays and "any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held." Fed.R.Civ.P. 6(a).

Under New York state law November 7, 2000, was a state holiday (Election Day). *See* N.Y. Gen. Constr. Law § 24 ("The term public holiday includes ... each general election day....").

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 3

2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926

**(Cite as: 2002 WL 1268013 (S.D.N.Y.))**

Consequently, the sixty day period to file a Lead Plaintiff and Lead Counsel Motion in this action expired November 8, 2000. Since the Chang Plaintiffs Group filed its Lead Plaintiff Motion on that date, the Motion must now be afforded full consideration by this Court.

B. Appointment of Lead Plaintiff

In 1995, Congress enacted the PSLRA in response to perceived abuses in securities fraud class actions. *See* S.Rep. No. 104-98 (1995) *reprinted in* 1995 U.S.C.C.A.N. 679; H.R. Conf. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730. [FN1] The principal reason underlying the enactment of the PSLRA " 'was the belief that the plaintiff's bar had seized control of class action suits, bringing frivolous suits on behalf of only nominally interested plaintiffs in the hope of obtaining a quick settlement." ' *See In Re USEC Securities Litigation,* 168 F.Supp.2d 560, 564 (D.Md.2001) (quoting *Greebel v. FTP Software, Inc.,* 939 F.Supp. 57, 58 (D.Mass.1996)). The PSLRA was designed to "increase the likelihood that parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs['] counsel." *In Re Oxford Health Plans, Inc., Sec. Litig.,* 182 F.R.D. 42, 43-44 (S.D.N.Y.1998) (quoting H.R. Conf. Rep. No. 104-369). Accordingly, the PSLRA amended the Act by altering the procedures for litigating securities class action lawsuits.

> FN1. The claims in the Crayfish Actions are brought under the Securities Act of 1933. However, since the PSLRA amended both the Securities Act of 1933 and the Securities Exchange Act of 1934, *see Lax v. First Merchants Acceptance Corp.,* Nos. 97 Civ. 2715(L), 1997 WL 461036, at *2 n. 2 (N.D.Ill. Aug. 11, 1997), this Order freely cites to cases applying both statutes. *See, e.g., Axelrod & Co. v. Kordich, Victor & Neufeld,* 451 F.2d 838, 843 (2d Cir.1971) (stating that the Securities Act of 1933 and the Securities and Exchange Act of 1934 "are *in pari materia* and should be construed together as one body of law).

Under the PSLRA, plaintiffs who file a private securities class action must publish notice of the pendency of the suit in a widely circulated business publication or wire service within twenty days of filing the complaint. 15 U.S.C. § 77z-1(a)(3)(A)(i). For sixty days following the publication of notice any member of the purported class may file a motion to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). If a motion for consolidation has been made, the court shall not appoint a lead plaintiff until after the decision on the motion to consolidate is rendered. 15 U.S.C. § 77z-1(a)(3)(B)(ii). Having consolidated the Crayfish Actions pursuant to Fed.R.Civ.P. 42(a), the Court must now decide whether the Chang Plaintiffs Group should replace Alan Lazarus as Lead Plaintiff. [FN2]

> FN2. The Court is not required to appoint the Chang Plaintiffs Group Lead Plaintiff simply because it is the only plaintiff or group of plaintiffs to file such a motion. As the Court has previously noted, the Act provides that the most adequate plaintiff is, *inter alia,* "the person or group of persons that--(aa) has either filed the complaint *or* made a motion in response to a notice...." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (emphasis added).

1. Lead Plaintiff Presumption

*4 Pursuant to the PSLRA, "[t]he court ... shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). To guide this inquiry the PSLRA provides for a rebuttable presumption that the most adequate plaintiff is the "person or group of persons that--
  (aa) has either filed the complaint or made a motion in response to a notice ...;
  (bb) in the determination of the court, has the largest financial interest in the relief sought by the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 4

2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926

**(Cite as: 2002 WL 1268013 (S.D.N.Y.))**

class; and
(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."
15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

This presumption may be rebutted only upon proof provided by another member of the purported class "that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). The Chang Plaintiffs Group argues that it should be appointed lead plaintiff since it satisfies the Lead Plaintiff Presumption. (Pl.'s Mem. Law at 12). No member of the purported class opposes the Chang Plaintiffs Group's Motion.

i. Timeliness of Motion

As discussed *supra* at 4-7, the Chang Plaintiffs Group's Motion satisfies the PSLRA's timeliness requirement.

ii. Largest Financial Interest Requirement

Noticeably absent from the PSLRA is a definition of "largest financial interest." The statute does not define the term and fails to provide any guidance as to how such a determination is to be made. However, when considering this issue courts examine four factors: (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the total net funds expended during the class period, and (4) the approximate loss suffered during the class period. *See, e.g., In re Olsten Corp. Sec. Litig.,* 3 F.Supp.2d. 286, 296 (E.D.N.Y.1998) (citing *Lax,* 1997 WL 461036, at *5). Applying the aforementioned factors, this Court finds that the Chang Plaintiffs Group possesses the largest financial interest in the relief sought by the class.

iii. Rule 23 Requirement

The Rule 23 inquiry under § 77z-1(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires. *See In re Party City,* 189 F.R.D. at 106 (" '[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification" ' (quoting *Fischler v. Amsouth Bancorporation,* No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997))); *In re Advanced Tissue Sciences Sec. Litig.,* 184 F.R.D. 346, 349 (S.D.Cal.1998) (same). At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. *In re Olsten Corp.,* 3 F.Supp.2d at 296; *see also Weltz v.. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y.2001). Any preliminary class certification findings of adequacy and typicality made at this time, do not preclude any party from contesting the ultimate class certification. *See Weltz,* 199 F.R.D. at 133; *see also Koppel v. 4987 Corp.,* No. 96 Civ. 7570(L), 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

a. Typicality

*5 The lead plaintiff must assert claims, which are typical of those of the class. Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise. *In re Oxford Health Plans,* 182 F.R.D. at 50 (citing *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992)). The claims of the proposed lead plaintiff need not be identical to the claims alleged by other class members. *In re Party City,* 189 F.R.D. at 107; *see also In re Nice Systems Sec. Litig.,* 188 F.R.D. 206, 218 (D.N.J.1999) (same).

Here, the members of the Chang Plaintiffs Group were shareholders of Crayfish during the class period when the alleged misconduct occurred. Since the members of the Change Plaintiffs Group have all suffered losses resulting from the same alleged instances of misconduct that are contained in the Skwortz Complaint the typicality requirement is satisfied.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 5
2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926
**(Cite as: 2002 WL 1268013 (S.D.N.Y.))**

b. Adequacy

The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy. See Weltz, 199 F.R.D. at 133 (citing In re Olsten, 3 F.Supp.2d at 296).

The law firms chosen to represent the Chang Plaintiffs Group appear qualified to conduct the current litigation. Stone Aff., Ex. 3-4 (indicating that both firms have significant experience in conducting securities class action litigation). Furthermore, nothing has been presented to this Court to suggest that the Chang Plaintiffs Group seeks anything but a full and fair recovery for the class. Accordingly, this Court finds that the Chang Plaintiffs Group has, at this stage of the litigation, made the preliminary showing necessary to satisfy the adequacy requirement.

Accordingly, the Chang Plaintiffs Group is entitled to a rebuttable presumption that it should be appointed lead plaintiff.

iv. Presumption Not Rebutted

As noted earlier, the most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). In the instant action, no one has sought to challenge the Chang Plaintiffs Group's Motion.

Despite the lack of opposition from any members of the plaintiff class, courts have in some circumstances nevertheless refused to appoint a group of plaintiffs as lead plaintiff. See Bell v. Ascendant Solutions, Inc., No. Civ.A. 3:01-CV-0166, 2002 WL 638571 (N.D.Tex. Apr. 17, 2002) (stating that "[o]ften courts have denied applications for one hundred or more plaintiffs to be aggregated but permitted groups of six or less to serve together"); Martin v. Atchison Casting Corp., 200 F.R.D. 453, (D.Kan.2001) ("A majority of courts ... have allowed the appointment of a group of plaintiffs as lead plaintiffs but have limited the size of the group so as to avoid frustrating the purpose of the statute."); compare Mitchell v. Complete Management, Inc., Nos. 99 Civ. 1454(L), 1999 WL 728678, at *3 (S.D.N.Y. Sept. 17, 1999) (declining to appoint group of 141 class members as lead plaintiff); Yousefi v. Lockheed Martin Corporation, 70 F.Supp.2d 1061, 1067 (C.D.Cal.1999) (holding that appointing 137 lead plaintiffs would frustrate the purpose of the PSLRA); In re Advanced Tissue Sciences Sec. Litig., 184 F.R.D. 346 (S.D.Cal.1998) (denying motion to appoint 250 unrelated class members as lead plaintiffs); with Bell, 2002 WL 638571, at *4-5 (appointing group of three plaintiffs as lead plaintiff); Martin, 200 F.R.D. at 456 (appointing two plaintiffs); Weltz, 199 F.R.D. 129, 133 (appointing a group of seven); In re Baan Co. Sec. Litig., 186 F.R.D. 214, 217 (D.D.C.1999) (setting "five or six" as the upper limit of persons in a lead plaintiff group); Nager v. Websecure, Inc., Civ. Action No. 97-10662-GAO, 1997 WL 773717, at *1 (D.Mass. Nov. 26, 1997) (appointing group of nine). See generally Razorfish, Inc. Sec. Litig., 143 F.Supp.2d 304, 308-09 (S.D.N.Y.2001) (noting that a group that is an "artifice cobbled together ... with no independent existence" thwarts the purpose of the PSLRA).

*6 Accordingly, since the presumption has not been rebutted and since, as in Weltz, this Court finds that a group of seven individuals does not "present a group so cumbersome as to deliver the control of the litigation into the hands of the lawyers," Weltz, 199 F.R.D. at 133, the Chang Plaintiffs Group is appointed Lead Plaintiff for the Crayfish Actions now pending before this Court.

D. Lead Counsel

Once a lead plaintiff has been appointed, the PSLRA directs that the Lead Plaintiff shall, with the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 6
2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926
**(Cite as: 2002 WL 1268013 (S.D.N.Y.))**

court's approval, select and retain counsel to represent the class. 15 U.S.C. § 77z-1(a)(3)(B)(v). The court, however, can interfere with the lead plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). Indeed, this Court has denied a lead plaintiff's selection of lead counsel in the past. *See Weltz,* 199 F.R.D. 129, 134 (denying proposed lead counsel, liaison counsel and executive committee comprised of 15 firms).

The Chang Plaintiffs Group has selected the firms of Shalov Stone & Bonner and Milberg Weiss Bershad Hynes & Lerach LLP, as Co-lead Counsel. As previously mentioned, the Court has reviewed the firms' respective resumes and finds both firms qualified to represent the Chang Plaintiffs Group in this securities class action. Even though the proposal is limited to two firms it must nevertheless be noted that approving co-lead counsel is not without some inherent risk to the class. *See In re Sprint Corporation Sec. Litig.,* 164 F.Supp.2d 1240, 1244 (D.Kan.2001) (conditioning approval of attorneys fees upon showing that co-counsel avoided duplicative and unnecessary fees and instead coordinated their efforts). Since the statute limits attorneys' fees and expenses to "a reasonable percentage of the amount of any damages and pre-judgment interest actually paid to the class," 15 U.S.C. § 77z-1(a)(B)(vi)(6), this Court shall not approve of any award of fees where it appears that the firms engaged in duplicative or unnecessary billing.

### III. CONCLUSION
Having considered the Motion for Reconsideration pursuant to Local Civil Rule 6.3 and for the reasons set forth above:
  1. The Chang Plaintiffs Group's Motion for Appointment as Lead Plaintiff is GRANTED, and
  2. The Chang Plaintiffs Group's Motion for Appointment of Shalov Stone & Bonner and Milberg Weiss Bershad Hynes & Lerach LLP as Co-Lead Counsel is GRANTED.
SO ORDERED.

2002 WL 1268013 (S.D.N.Y.), Fed. Sec. L. Rep. P 91,926

**Motions, Pleadings and Filings (Back to top)**

- 1:00CV06766  (Docket) (Sep. 08, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.