# Exhibit A

Westlaw.

Not Reported in F.Supp.2d  
2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223  
(Cite as: 2004 WL 2813133 (S.D.N.Y.))

Page 1

C

**Motions, Pleadings and Filings**

United States District Court,
S.D. New York.
Walter P. LINN, on Behalf of Himself and All Others Similarly Situated,
Plaintiff,
v.
ALLIED IRISH BANKS, PLC; Allfirst Financial, Inc.; Frank P. Bramble; Susan M. Keating; Robert L. Carpenter; David M. Cronin; Jerome W. Evans; Maurice J. Crowley; and John Rusnak, Defendants.
Rodger D. KOONS, On Behalf of Himself and All Others Similarly Situated,
Plaintiff,
v.
ALLIED IRISH BANKS, PLC; Allfirst Financial, Inc.; Frank P. Bramble; Susan M. Keating; Robert L. Carpenter; David M. Cronin; Jerome W. Evans; Maurice J. Crowley; and John Rusnak, Defendants.
No. 02 Civ. 1738(DAB), 02 Civ. 3168(DAB).

Dec. 8, 2004.

*MEMORANDUM AND ORDER*

BATTS, J.

*1 Pending-before this Court are the two above-captioned securities fraud class action lawsuits against Allied Irish Banks, PLC ("AIB"), AllFirst Financial, Inc. ("AllFirst"), and certain officers and employees of AllFirst. These actions allege claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 as promulgated by the Securities and Exchange Commission ("SEC").

Putative class member Manuel Feder has moved the Court to consolidate these two class actions pursuant to Federal Rule of Civil Procedure 42(a), and to appoint him lead plaintiff and approve his choice of lead and liaison counsel pursuant to section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act ("PSLRA"). For the reasons stated below, the motions are GRANTED.

I. BACKGROUND

On March 4, 2002, Walter P. Linn filed a class action against AIB, an Irish Bank whose securities are traded on the New York Stock Exchange, [FN1] AllFirst, a Maryland-based financial services company and wholly-owned subsidiary of AIB, Frank B. Bramble, AllFirst's Chairman of the Board, Susan M. Keating, president and CEO of AllFirst, Robert L. Carpenter, executive vice president and controller of AllFirst, David M. Cronin, executive vice president and treasurer of AllFirst, Jerome W. Evans, AllFirst's executive vice president and chief financial officer from 1997 to March 5, 2001, Maurice J. Crowley, AllFirst's executive vice president and chief financial officer from March 5, 2001 until at least the close of the class period, and John Rusnak, a foreign exchange trader in AllFirst's treasury department (collectively the "Defendants"). (Linn Am. Compl. ¶¶ 9-16, 17).

> FN1. AIB's securities are traded on the NYSE as American Depository Receipts ("ADR's") on the common stock of AIB. (Koons Compl. ¶ 9)

Linn alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 as promulgated by the SEC. 17 C.F.R. § 240.10b-5. Specifically, his Complaint alleges that Defendants engaged in a scheme to issue public filings and other statements which misrepresented or omitted material facts about the performance, profitability and net worth of AIB, thereby causing class members to purchase AIB securities at artificially inflated prices and then to suffer severe losses when the truth was revealed and the market price of AIB securities plummeted. (*Id.* ¶¶ 96- 107). Originally, Linn brought his action on behalf of all those who purchased AIB securities between January 1, 2001 and February 6, 2002, (*Linn* Orig. Compl. ¶ 1), but later amended his Complaint to expand the class period to run from February 6, 1999 to February 6, 2002. (*Linn* Am. Compl. ¶ 1).

On March 5, 2002, Linn's counsel, the law firm of Finkelstein, Thompson & Loughran ("Finkelstein Thompson"), caused a notice of the class action to be published in the PR Newswire. (Declaration of Aaron L. Brody in Support of Renewed Motion of Manuel

Not Reported in F.Supp.2d    Page 2
2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223
**(Cite as: 2004 WL 2813133 (S.D.N.Y.))**

Feder to Consolidate Actions, to be Appointed Lead Counsel, and for Approval of the Lead Plaintiff's Choice of Lead Counsel ["Brody Decl."], Ex. A). The notice specified that the lawsuit involved securities fraud, defined the class period, and informed class members that they had sixty days from the date of the notice to move for lead plaintiff status. (*Id.* at 1).

*2 On April 24, 2002, Rodger D. Koons filed a security class action against the very same Defendants alleging § 10(b)/Rule 10b-5 n and § 20(a) claims that were based on many of the same alleged misrepresentations and omissions included in the *Linn* Complaint. (Koons Compl. ¶ ¶ 1, 70-83). Koons also filed his action on behalf of all those who purchased AIB securities between January 1, 2001, and February 6, 2002. (*Id.* ¶ 1).

Manuel Feder, who purchased 3000 shares of AIB securities on May 17, 1999 and is thus a member of the putative class specified in the *Linn* action, now moves to consolidate the *Linn* and *Koons* actions, to be appointed lead plaintiff of such consolidated actions, and for approval of his choice of Finkelstein Thompson as lead counsel and Stull, Stull & Brody as liaison counsel. No other class members have filed lead plaintiff or lead counsel motions, and Feder's motions are unopposed.

II. DISCUSSION
A. Motion to Consolidate

Feder moves to consolidate the *Linn* and *Koons* actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Fed.R.Civ.P. 42(a).

In such instances, district courts have "broad discretion to determine whether consolidation is appropriate," and they "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir.1990); *see also Garber v. Randell,* 477 F.2d 711, 714 (2d Cir.1973) (holding that determination of whether to consolidate stockholder suits "rests in the district court's sound discretion."). "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate."

*Primavera Familienstiftung v. Askin,* 173 F.R.D. 115, 129 (S.D.N.Y.1997); *Pinkowitz v. Elan Corp., PLC,* No. 02 Civ. 865, 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002) (quoting *Primavera* ).

The *Linn* and *Koons* actions clearly share common questions of law and fact. After all, both Complaints assert the identical two causes of action, one § 10(b)/Rule 10b-5 claim and one § 20(a) claim. In addition, each action is predicated upon many of the same alleged misrepresentations and fraudulent acts, particularly false statements contained in AIB's first three 2001 Form 10Q's and Defendant Rusnak's allegedly fictitious foreign exchange trades. (*See Linn* Am. Compl. ¶ ¶ 44, 48, 51, 58-61; Koons Compl. ¶ ¶ 32-37, 46-49). While the *Linn* Complaint does also cite some misrepresentations allegedly made by Defendants prior to 2001 which are absent from the *Koons* complaint, neither the fact that two actions' factual allegations are not identical nor that the actions have slightly differing class periods is enough to defeat consolidation. *See, e.g., Pinkowitz,* 2002 WL 1822118, at * 2 (consolidating securities class actions where the various complaints contained "substantially similar allegations" even though some of the complaints asserted claims against specific defendants who were absent from the other class actions and the precise confines of the class period differed slightly in each complaint); *Mitchell v. Complete Management, Inc.,* No. 99 Civ. 1454, 1999 WL 728678, at *2 (S.D.N.Y. Sep. 17, 1999) (consolidating securities class actions with slightly differing class periods); *In re Olsen Corp. Securities Litig.,* 3 F.Supp.2d 286, 293 (E.D.N .Y.1998) (same).

*3 Meanwhile, it does not appear that any of the parties to these two actions would be prejudiced by consolidation. In fact, no one has opposed Feder's consolidation motion. Accordingly, the Court finds that consolidation of the *Linn* and *Koons* actions is proper, and the consolidated class period shall therefore include all those who purchased AIB securities between February 6, 1999 and February 6, 2002.

B. Motion to Appoint Lead Plaintiff

In 1995, Congress enacted the PSLRA in response to perceived abuses in securities fraud class actions. *See* S.Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679; H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730. [FN2] The purpose behind the PSLRA is to prevent "lawyer-driven" litigation, and to ensure that " 'parties with significant holdings in issuers, whose

Not Reported in F.Supp.2d                                                                                         Page 3
2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223
(Cite as: 2004 WL 2813133 (S.D.N.Y.))

interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel." ' In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 43-44 (S.D.N.Y.1998) (quoting H.R. Conf. Rep. No. 104-369); see also In re Cendant Corp. Litig., 264 F.3d 201, 2666 (3d Cir.2001) ("[T]he goal of the [PSLRA's] lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation permit that person or entity to function as an active agent for the class.") (citing H.R. Conf. Rep. 104-369). Congress believed that this could best be achieved by encouraging institutional investors to serve as lead plaintiffs. See In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 46 (S.D.N.Y.1998) (citing H.R. Conf. Rep. No. 104-369 at 733). Before the PSLRA was enacted, "professional plaintiffs" with securities fraud claims "tended to profit irrespective of the culpability of the defendants, most of whom chose settlement over prolonged and expensive litigation." In re Party City Sec. Litig., 189 F.R.D. 91, 103 (D.N.J.1999). These professional plaintiffs tended to benefit disproportionately and at the expense of shareholders with larger stakes. Id.

> FN2. Although the claims in the Linn and Koons Actions are brought under the Exchange Act of 1934, the PSLRA amended both the Securities Act of 1933 and the Securities Exchange Act of 1934. See Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 WL 461036, at *2 n. 2 (N.D.Ill. Aug. 11, 1997) (noting that "the lead-plaintiff provisions of the 1933 and 1934 acts are identical"). Therefore, regarding interpretation and application of the PSLRA, cases cited herein are based on decisions under both statutes. See, e.g., Axelrod & Co. v. Kordich, Victor & Neufeld, 451 F.2d 838, 843 (2d Cir.1971) (stating that the Securities Act of 1933 and the Securities and Exchange Act of 1934 "are in pari materia and should be construed together as one body of law").

Accordingly, the PSLRA amended the Exchange Act by altering the procedures for bringing such class actions. The PSLRA requires plaintiffs filing a private securities class action complaint to publish notice of the pendency of the suit in a widely circulated business publication or wire service no later than twenty days after the complaint is filed. 15 U.S.C. § 78u-4(a)(3)(A)(i). No later than sixty days after the publication of notice, any member of the purported class may file a motion to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). If a motion for consolidation has been made, the Court shall not appoint a lead plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

In addition, the PSLRA provides that:
> [T]he court ... shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff")....

*4 15 U.S.C. § 78u-4(a)(3)(B)(i).

A rebuttable presumption directs the court's inquiry when appointing lead plaintiff under the PSLRA. The PSLRA provides that the most adequate plaintiff is the person or group of persons which:
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
> 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption, however, may be rebutted only upon proof offered by another member of the purported class "that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In the now-consolidated AIB class actions before this Court, there are only three class members who are eligible for lead plaintiff consideration under § 21D(a)(3): Linn and Koons, who filed the two class action complaints that have been consolidated, and Feder, who is the only class member to have filed a lead plaintiff motion within 60 days of publication of notice of the Linn class action. [FN3] Accordingly, the Court will select a lead plaintiff from among these three class members.

> FN3. Feder originally made his lead plaintiff motion on May 3, 2002, fifty-nine days after notice of the Linn action was published, on March 5, 2002.

1. Largest Financial Interest Requirement

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223
(Cite as: 2004 WL 2813133 (S.D.N.Y.))

Page 4

Feder clearly has the largest financial interest in the relief sought by the class compensatory damages for investor losses caused by steep declines in the price of AIB securities-because he sustained $19,843.73 in losses on his 3000 AIB shares (Brody Decl., Ex. E (Invester Loss Calculation for Manuel Feder)), while Linn and Koons could not have sustained nearly that much loss since they owned only 20 and 100 shares respectively. (*See* Linn Certification of Named Plaintiff Pursuant to Federal Securities Laws, attached to Linn Orig. Compl.; and Koons Certification of Named Plaintiff Pursuant to Federal Securities Laws, attached to Koons Compl.)

2. F.R.C.P. 23 Requirement

The Rule 23 inquiry under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires. See Weinberg v. Atlas Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y.2003) ("[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification") (internal quotations and citations omitted); Pirelli Armstrong Tire Corp. v. Labranche & Co., Inc., No. 03 Civ. 8264, 2004 WL 1179311, at *14 (S.D.N.Y. May 27, 2004) (same) (citing Weinberg). At this stage in the litigation, one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied. Weinberg, 216 F.R.D. at 252; see also Weltz v. Lee, No. 00 Civ. 3863, 2001 WL 228412, at *5 (S.D.N.Y. March 7, 2001). Any preliminary class certification findings of adequacy and typicality made at this time, do not preclude any party from contesting the ultimate class certification. See Weltz, 2001 WL 228412, at * 5; see also Koppel v. 4987 Corp., Nos. 96 Civ. 7570, 97 Civ. 1754, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 9, 1999) (appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

i. Typicality

*5 The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." In re Oxford Health Plans, 182 F.R.D. at 50 (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992)). This requirement "does not require that the factual background of [the lead plaintiff's] claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the [lead plaintiff's] claim as to that of other members of the proposed class." Caridad v. Metro-North Commuter Railroad, 191 F.3d 283, 293 (2d Cir.1999) (internal quotations and citations omitted).

Feder's claims are clearly typical of those of the proposed class. Like all other proposed class members, Feder "(1) purchased or acquired AIB securities during the Class Period; [FN4] (2) at prices articially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby." (Memorandum of Law in Support of Renewed Motion to Appoint Manuel Feder as Lead Plaintiff and To Approve Lead Plaintiff's Choice of Lead Counsel ["Feder Mem."] at 11). Feder's claims therefore arise from the same factual predicate as those in the *Linn* and *Koons* Class Action Complaints. Accordingly, the Court finds that Feder satisfies Rule 23's typicality requirement.

> FN4. Feder purchased his AIB securities on May 17, 1999. (*See* Brody Decl., Ex. B (Plaintiff Certification, Signed by Manuel Feder))

ii. Adequacy

The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy. In re Drexel, 960 F.2d at 291; In re Cendant Corp., 264 F.3d at 265; In re Olsten Corp., 3 F.Supp.2d at 296.

Feder also satisfies the adequacy requirement. The Memorandum of Law filed in support of his lead plaintiff motion suggests to this Court that the two firms who are counsel for Feder, Finkelstein Thompson and Stull, Stull & Brody, are generally able to conduct the litigation. This conclusion is supported by the firms' résumés. See Brody Decl. Exs. C, D (indicating that the two firms have significant experience and success in prosecuting securities class actions). Further, it does not appear that any antagonism exists between class members. To be sure, antagonism may exist where certain class members own shares and others do not. See, e.g., In re Party City, 189 F.R.D. 107-112 (finding that plaintiffs who continued to hold shares had a continued interested in the financial strength of the defendant company whereas plaintiffs who sold their shares did not). Feder seeks anything other than "the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 5
2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223
**(Cite as: 2004 WL 2813133 (S.D.N.Y.))**

greatest recovery for the class consistent with the merits of the claims." *In re Oxford Health Plans,* 182 F.R.D. at 49. As a final matter, Feder also satisfies the vigorous representation requirement. This Court finds that Feder is the most adequate Lead Plaintiff.

3. Presumption of Adequacy Not Rebutted

*6 The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, no member of the purported class has sought to rebut the presumption or otherwise opposed Feder's lead plaintiff motion. Accordingly, Feder is appointed Lead Plaintiff for the consolidated AIB class actions currently pending before this Court.

C. Appointment of Lead and Liaison Counsel

The PSLRA provides that the Lead Plaintiff "shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Giving the Lead Plaintiff primary control for the selection of counsel was a critical part of Congress' effort to transfer control of securities class actions from lawyers to investors. *See* H.R. Conf. Rep. 104-369 at 734 ("[T]his lead plaintiff provision solves the dilemma of who will serve as class counsel ... [T]he Conference Committee expects that the plaintiff will choose counsel rather than, as is true today, counsel choosing the plaintiff."). Courts, however, may decline to approve Lead Plaintiff's suggested counsel "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Feder has selected Finkelstein, Thompson & Loughran to serve as Lead Counsel and Stull, Stull & Brody to serve as Liaison Counsel. As discussed above, the Court finds Feder's choices of counsel are qualified to prosecute this securities class action. Accordingly, this Court approves the selection of Finkelstein Thompson as Lead Counsel and Stull, Stull & Brody as Liaison Counsel.

III. CONCLUSION

Having considered the motions for consolidation of the Linn and Koons Actions pursuant to Federal Rule of Civil Procedure 42(a) and for Appointment of Lead Plaintiff and Lead Counsel pursuant to the PSLRA, IT IS HEREBY ORDERED THAT:

1. The motion to consolidate is GRANTED;

2. The following two actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to F.R.C.P. 42(a):
  *Linn v. Allied Irish Banks, PLC, et al.,* 02 Civ. 1738(DAB)
  *Koons v. Allied Irish Banks, PLC, et al.,* 02 Civ. 3168(DAB)

3. The caption of these consolidated actions shall be *"In Re Allied Irish Banks, PLC, Securities Litigation,"* and the files of these consolidated actions shall be maintained in one file under Master File No. 02 Civ. 1738(DAB). Any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified case shall be consolidated for all purposes, if and when they are brought to the Court's attention.

4. Every pleading filed in the consolidated actions or in any separate action included herein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ X
                               :
In re ALLIED IRISH BANKS, PLC  :  02 Civ. 1738(DAB)
SECURITIES LITIGATION          :
                               :
------------------------------ X
                               :
This Document Relates To:      :
------------------------------ X
```

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223
(Cite as: 2004 WL 2813133 (S.D.N.Y.))

Page 6

*7 5. When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable to only some, but not all of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above.

6. When a pleading is filed and the caption shows that it is applicable to "All Actions," the clerk shall file such pleading in the Master File and note such filing on the Master Docket. No further copies need to be filed, and no other docket entries need be made.

7. When a pleading is filed and the caption shows that it is to be applicable to fewer than all of the consolidated actions, the Clerk will file such pleading in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

8. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might be consolidated as part of *In re Allied Irish Banks, PLC Securities Litigation.*

9. Manuel Feder's Motion for Appointment as Lead Plaintiff is GRANTED.

12. The law firm of Finkelstein, Thompson & Loughran is appointed Lead Counsel.

13. The law firm of Stull, Stull & Brody is appointed Liaison Counsel.

14. Plaintiffs shall file a Consolidated Complaint within 60 days of the date of this Order.

14. The Defendants shall move or answer within 30 days after filing of the Consolidated Complaint.

15. The Clerk is directed to serve a copy of this Order on all parties of record in the consolidated actions.

SO ORDERED.

2004 WL 2813133 (S.D.N.Y.), 60 Fed.R.Serv.3d 223

**Motions, Pleadings and Filings (Back to top)**

- 1:02CV03168                (Docket) (Apr. 24, 2002)

- 1:02CV01738                (Docket) (Mar. 05, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.